**UNITED STATES of America,
Appellee,**

v.

**Robert PORGES, a/k/a Lawyer Bao,
Shao Hao Zhen, a/k/a Suzie Shao,
Sheery Lu Porges, Defendants–Appellants.**

Nos. 02–1520(L), 02–1522, 02–1549.

United States Court of Appeals,
Second Circuit.

Nov. 4, 2003.

Larry Bronson, New York, NY, for Appellants Robert Porges and Sheery Lu Porges.

Patrick J. Brackley, New York, NY, for Appellant Shao Hao Zhen.

Matthew L. Biben, Assistant United States Attorney (Gary Stein, Assistant United States Attorney, on the brief), for James B. Comey, United States Attorney for the Southern District of New York, for Appellee.

PRESENT: MESKILL, B.D. PARKER, Circuit Judges, and CHIN,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court be and they hereby are AFFIRMED.

Defendant–Appellant Shao Hao Zhen appeals from a judgment of conviction in the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*), after a jury trial, on one count of conspiracy to commit alien smuggling, in violation of 18 U.S.C. § 371, and three counts of aiding and abetting alien smuggling, in violation of 8 U.S.C. § 1324(a)(1)(A)(i) and 18 U.S.C. § 2. The District Court sentenced Zhen principally to thirty-seven months of imprisonment.

Defendants–Appellants Robert Porges and Sheery Lu Porges also appeal from judgments of conviction in the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*), following each of their guilty pleas to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); one count of racketeering, in violation of 18 U.S.C. § 1962(c); and one count of tax fraud conspiracy, in violation of 18 U.S.C. § 371.

The District Court sentenced each Porges principally to a term of imprisonment of 97 months. In addition, the District Court fined Robert Porges $125,000 and Sheery Lu Porges $25,000.

Zhen raises two arguments on appeal. First, she contends that the government impermissibly bolstered the credibility of five cooperating witnesses on direct examination through the use of their cooperation agreements. Second, she claims that the government's characterization in its summation of some of her testimony as "lies" denied her a fair trial.

■ At trial, the government elicited testimony from each of the cooperating witnesses to the effect that he or she was testifying pursuant to a cooperation agreement with the government, that he or she was obligated under the agreement to tell the truth, that if the witness's obligations under the agreement were satisfied the government would inform the sentencing judge of this fact, and that the witness hoped to receive consideration of this fact at sentencing. Zhen contends that this testimony bolstered the witnesses' testimony before their credibility had been attacked and that her trial was thereby tainted. *See United States v. Cosentino,* 844 F.2d 30, 32–33 (2d Cir.1988). We disagree.

Because Zhen did not raise this objection at trial, we review the District Court's decision to admit the testimony for plain error:

First, there must be "error," or deviation from a legal rule which has not been waived. Second, the error must be "plain," which at a minimum means "clear under current law." Third, the plain error must, as the text of Rule

* Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

52(b) indicates, "affect[ ] substantial rights," which normally requires a showing of prejudice.

*United States v. Viola,* 35 F.3d 37, 41 (2d Cir.1994) (quoting *United States v. Olano,* 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)); *see* Fed.R.Crim.P. 52(b). Generally, in plain error review, the defendant bears the burden of demonstrating prejudice. *Viola,* 35 F.3d at 41. But even if the defendant carries that burden, "the court of appeals may exercise its discretion to correct the error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.' " *United States v. Bayless,* 201 F.3d 116, 128 (2d Cir.2000) (quoting *Olano,* 507 U.S. at 732, 113 S.Ct. 1770).

Here, as the government concedes, the bolstering aspects of the cooperation agreements were introduced prematurely on direct examination, before defense counsel had attacked the witnesses' credibility. We have explained that cooperation agreements have both impeaching and bolstering aspects. *Cosentino,* 844 F.2d at 32. And in light of the well-settled rule that "absent an attack on the veracity of a witness, no evidence to bolster his credibility is admissible," *United States v. Arroyo–Angulo,* 580 F.2d 1137, 1146 (2d Cir. 1978), we have held that "although the prosecutor may inquire into impeaching aspects of cooperation agreements on direct, *bolstering* aspects such as promises to testify truthfully or penalties for failure to do so may only be developed to rehabilitate the witness *after a defense attack on credibility." Cosentino,* 844 F.2d at 33 (emphasis added). In light of these principles, we conclude that the testimony was, at best, prematurely admitted.

However, Zhen has not demonstrated prejudice. At trial, the credibility of the cooperating witnesses was at stake, and defense counsel vigorously attacked the credibility of each witness on cross-examination. Had the order of examination prescribed by *Cosentino* been followed, the bolstering elements of the cooperation agreements would immediately have been a proper subject of redirect examination. *United States v. Gaind,* 31 F.3d 73, 78 (2d Cir.1994). In addition, although the government elicited some bolstering information concerning the cooperation agreements during direct examination, it did not offer into evidence any of the agreements themselves until redirect (and ultimately introduced only two of them). Moreover, the other evidence of Zhen's guilt was overwhelming. Under these circumstances, we can find no reversible error with respect to the government's use of the cooperation agreements.

■ Next, Zhen contends that the government denied her a fair trial when, during its main summation and again in rebuttal summation, the government expressly accused her of lying. Because Zhen did not object below on this basis, we again review for plain error. In the context of government summations, we specifically have explained that "[i]f the defendant failed to make timely objection to a statement contained in the prosecutor's summation, the statement will not be deemed a ground for reversal unless it amounts to a 'flagrant abuse.' " *United States v. Rivera,* 22 F.3d 430, 437 (2d Cir.1994) (quoting *United States v. Ortiz,* 857 F.2d 900, 904 (2d Cir.1988)).

After reviewing the government's statements, we find nothing in them that rises to the level of a flagrant abuse. *See, e.g., United States v. Shareef,* 190 F.3d 71, 79 (2d Cir.1999) (reiterating that "it is not ordinarily improper to make temperate use of the forms of the word 'lie' to highlight evidence directly conflicting with the defense's testimony").

Finally, we turn to the Porges' challenges to their fines. Both Porges argue that the District Court made insufficient findings regarding their ability to pay and that they are, in fact, unable to pay. Like Zhen, the Porges failed to object to their fines at the time of sentencing, and we therefore review the issue for plain error. The Sentencing Guidelines provide that a sentencing court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). In determining an appropriate fine, the court is required to consider a variety of factors, including the defendant's income, earning capacity, and financial resources, under 18 U.S.C. § 3572(a)(1). Contrary to the Porges' suggestion, however, that provision does not obligate the court "to articulate that consideration," particularly when the fine it imposes falls within the applicable Guidelines range. *United States v. Glick*, 142 F.3d 520, 529 (2d Cir.1998). And in imposing the fines in this case, the District Court made it clear that it had considered the prescribed factors. Moreover, each fine imposed by the District Court fell within the applicable Guidelines range of $12,500 to $125,000 to which the Porges stipulated in their plea agreements. Consequently, we can find no error in the fines imposed.

Accordingly, the judgments of the District Court are hereby affirmed.